LINK: 12

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-06219 GAF (RZx) | Date | November 23, 2011 |
|---|---|---|---|
| Title | Flor Amini v. Group 1 Automotive, Inc. et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**         **(In Chambers)**

**ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION**

**I.
INTRODUCTION AND BACKGROUND**

On May 5, 2011, Plaintiff Flor Amini filed a First Amended Complaint ("FAC") in this putative class action lawsuit against Defendants Group 1 Automotive, Inc. ("Group 1"), Performance Nissan ("Performance Nissan"), and ExpressLink, Inc. a.k.a. InsureExpress ("ExpressLink"), alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq.. Plaintiff asserts that the Court has diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). (Docket No. 12, FAC ¶¶ 1–2.) The action was transferred to this Court from the United States District Court for the Southern District of California on July 28, 2011. (Docket No. 27.) On November 21, 2011, this Court held a scheduling conference pursuant to Federal Rule of Civil Procedure ("F.R.C.P.") 26(f).

For the reasons discussed below, the Court cannot determine whether it must decline to exercise subject matter jurisdiction over this action pursuant to CAFA's "local controversy exception." Plaintiff is hereby **ORDERED TO SHOW CAUSE**, no later than **5:00p.m. on Monday, December 5, 2011**, why the Court should not dismiss this action. Failure to respond by this time will be **deemed consent to dismissal of this action**.

LINK: 12

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-06219 GAF (RZx) | Date | November 23, 2011 |
|---|---|---|---|
| Title | Flor Amini v. Group 1 Automotive, Inc. et al | | |

**II.
DISCUSSION**

**A.  LEGAL STANDARD**

Federal courts are courts of limited jurisdiction, and the burden of establishing jurisdiction rests upon the party asserting it. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Under F.R.C.P. 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "[A] court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action . . . ." Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002); see also United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 966 (9th Cir. 2004) (district court had a duty to establish subject matter jurisdiction over the removed action sua sponte, regardless of whether the parties raised the issue).

Under CAFA, federal courts have diversity jurisdiction over class actions in which the amount in controversy exceeds $5,000,000 and diversity of citizenship exists between at least one plaintiff and one defendant. 28 U.S.C. § 1332(d)(2). However, under CAFA's "local controversy exception," a district court "shall decline" to exercise its diversity jurisdiction:

> (i) over a class action in which–
> > (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
> > (II) at least 1 defendant is a defendant–
> > > (aa) from whom significant relief is sought by members of the plaintiff class;
> > > (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
> > > (cc) who is a citizen of the State in which the action was originally filed; and
> > (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and
> (ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons[.]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-06219 GAF (RZx) | Date | November 23, 2011 |
|---|---|---|---|
| Title | Flor Amini v. Group 1 Automotive, Inc. et al | | |

28 U.S.C. § 1332(d)(4)(A).  District courts in the Ninth Circuit may not look beyond the allegations in the complaint in determining whether a defendant is one "from whom significant relief is sought by members of the plaintiff class" and "whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class," under §§ (d)(4)(A)(i)(II)(aa) and (bb).  <u>Coleman v. Estes Exp. Lines, Inc.</u>, 631 F.3d 1010, 1012, 1016–17 (9th Cir. 2011).  By contrast, the court may engage in jurisdictional fact-finding and may consider extrinsic evidence as to the citizenships of the members of the proposed plaintiff classes and of the defendants.  <u>Id.</u> at 1017–19.

**B.  APPLICATION**

Plaintiff's Complaint alleges that this litigation is a "national class action."  (FAC ¶ 2).  However, Performance Nissan has raised the possibility that the "putative class is not national but to the extent that it exists at all is localized primarily to Los Angeles County."  (Docket No. 44, Joint Scheduling Conference Report at 3.)  Plaintiff is a California citizen, and Plaintiff's alleged injury was incurred in California, because the alleged illegal phone calls and messages were made to a California cell phone number held by Plaintiff, who resides in California.  (Id. ¶¶ 9, 23, 25-28.)  At the November 21 scheduling conference, it became apparent to the Court that a large number of the potential members of the proposed plaintiff classes are likely to also be citizens of California whose alleged injuries were incurred in California.

Defendants Performance Nissan and ExpressLink are also alleged have California citizenship.[1]  (Id. ¶¶ 7–8.)  Looking only to Plaintiff's FAC, Plaintiff seeks "significant relief" from these Defendants, and their "conduct forms a significant basis for the claims asserted."  Plaintiff complains of unsolicited automated telephone calls and text messages, ongoing for "two or three months," which contained advertisements for Performance Nissan, and which were sent by "Defendants."  (FAC ¶¶ 25–28.)  Plaintiff's requests for damages are asserted against "each and every Defendant."  (FAC at 11.)

Accordingly, the Court cannot determine whether it must dismiss this action pursuant to CAFA's "local controversy exception," on the basis that greater than two-thirds of all potential

---

[1] For purposes of diversity, a corporation is a citizen of its state of incorporation and the state in which it has its principal place of business.  28 U.S.C. § 1332(c)(1).  The Parties disclosed in their Joint Discovery Plan that Performance Nissan is incorporated in Delaware, rather than in California, as stated in the Complaint.  (Joint Scheduling Conference Report at 10; FAC ¶ 7.)  However, because Plaintiff's FAC states that Performance Nissan's principal place of business is in California, the Court will consider that Performance Nissan is a citizen of both Delaware and California.  (FAC ¶ 7.)

LINK: 12

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-06219 GAF (RZx) | Date | November 23, 2011 |
|---|---|---|---|
| Title | Flor Amini v. Group 1 Automotive, Inc. et al | | |

class members are citizens of California; the principal injuries from Defendants' conduct were incurred in California; and at least one "'real' defendant" is local.  Coleman, 631 F.3d at 1018.

### III.
### CONCLUSION

Plaintiff is hereby **ORDERED TO SHOW CAUSE**, no later than **5:00p.m. on Monday, December 5, 2011**, why the Court should not dismiss this action for lack of subject matter jurisdiction.  Failure to respond by this time will be **deemed consent to dismissal of this action**.

**IT IS SO ORDERED.**